747 P.2d 1237

STATE of Arizona, Appellee,

v.

Timothy Dean SHEAVES, Appellant.

No. 1 CA–CR 10994.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 24, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa Co. Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

This appeal presents the question of whether a defendant convicted of two felonies for conduct arising from a single act of driving, in violation of both subsections (A) and (B) of A.R.S. § 28–692,[1] while his license was suspended, cancelled, revoked or refused, may be ordered to pay a separate felony penalty assessment for each conviction. We hold that a defendant with two felony convictions arising from a single act of driving, in violation of A.R.S. §§ 28–692(A) and (B) and –692.02 shall not be assessed a felony penalty assessment for each felony conviction but, instead, shall be ordered to pay only one felony penalty assessment.

### FACTUAL AND PROCEDURAL BACKGROUND

In the present case, appellant was charged with driving under the influence of

---

1. A.R.S. § 28–692 is popularly referred to as the "DWI statute," the "driving under the influence statute," or the "drunk driving statute."

intoxicating liquor while his license was suspended, cancelled, revoked or refused, a class 5 felony, in violation of A.R.S. §§ 28–692(A) and –692.02 (Count I) and driving with a blood alcohol level greater than 0.10 while his license was suspended, cancelled, revoked or refused, a class 5 felony, in violation of A.R.S. §§ 28–692(B) and –692.-02 (Count II). Both counts arose from the same act of driving which appellant committed on June 4, 1986. Appellant entered into a written plea agreement in which he agreed to plead guilty to both counts. The plea agreement provided, *inter alia*, that the appellant would be subject to a mandatory felony penalty assessment pursuant to A.R.S. § 13–812.[2] In addition, appellant was informed at the change of plea hearing that a felony penalty assessment would be imposed for each count. Appellant was sentenced to two years' imprisonment for each count, sentences to run concurrent with each other and concurrent to a term that appellant was already serving. The trial court also ordered, over defense counsel's objection, that appellant pay a $100 felony penalty assessment on each felony conviction, pursuant to A.R.S. § 13–812, for a total of $200.

## DOUBLE PUNISHMENT

Appellant first argues that A.R.S. § 13–116, the double punishment statute, precludes the imposition of two felony penalty assessments for two felony convictions arising from the same act of driving in violation of A.R.S. §§ 28–692(A) and (B) and –692.02, citing *Anderjeski v. City Court of City of Mesa*, 135 Ariz. 549, 663 P.2d 233 (1983). We agree.

A.R.S. § 13–116, entitled "Double punishment," provides in part:

An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.

The legislature enacted § 13–116 to protect a defendant from the imposition of multiple punishment when he or she is convicted of two or more offenses all arising from the same factual situation. *State v. Torrez*, 141 Ariz. 537, 539, 687 P.2d 1292, 1294 (App.1984).

The rule that is used to determine whether the double punishment statute mandates concurrent sentences because a defendant's single act has been punished more than once is the "identical elements" test. *State v. Newman*, 141 Ariz. 554, 559, 688 P.2d 180, 185 (1984). Under the test, the court eliminates the evidence supporting the elements of one charge and determines whether the remaining evidence will support the elements of the second charge. *Id.*

In the present case, appellant was charged with driving under the influence of intoxicating liquor in violation of A.R.S. §§ 28–692(A) and –692.02 and driving with a blood alcohol level of 0.10 or more in violation of A.R.S. §§ 28–692(B) and –692.-02.[3] It is undisputed that appellant's single act of driving on June 4, 1986 is a fact common to both charges and supports elements in both charges. If the evidence of driving under the influence is eliminated, there remains insufficient evidence to support the elements of driving with a blood alcohol level of 0.10 or more. Therefore, A.R.S. § 13–116 requires that in this case the sentences imposed upon appellant must be concurrent rather than consecutive.

The trial court properly followed this rule in sentencing appellant to two years'

---

**2.** A.R.S. § 13–812, entitled "Felony penalty assessment; use," provides:

   A. In addition to any other fine or assessment, each person convicted of a felony shall be assessed a penalty of:

    1. One hundred dollars if the person is an individual.

    2. Five hundred dollars if the person is an enterprise.

   B. Monies received pursuant to this section shall be transferred to the victim compensation fund established pursuant to section 41–2401.01.

**3.** A.R.S. § 28–692.02 provides, in part, that a person is guilty of a class 5 felony if the person commits a violation of § 28–692 while the person's operator's license is suspended, cancelled, revoked or refused.

imprisonment for each conviction with the sentences to run concurrently. However, the trial court imposed two $100 felony penalty assessments even though appellant's two felony convictions arose from a single act of driving. The question presented then is whether the trial court's imposition of the two $100 felony penalty assessments under these circumstances constituted impermissible double punishment in violation of A.R.S. § 13–116. In order to answer this question, it must first be determined whether a "felony penalty assessment" imposed pursuant to § 13–812 constitutes a "sentence" within the ambit of § 13–116.

■ "The term sentence means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty." Rule 26.1(b), Ariz.R.Crim. Proc., 17 A.R.S. A "fine" is a criminal penalty and clearly constitutes a "sentence" as defined in Rule 26.1 of the Arizona Rules of Criminal Procedure. *State v. Pitts*, 26 Ariz.App. 390, 391, 548 P.2d 1202, 1203 (1976); *State v. Dickens*, 66 Ariz. 86, 183 P.2d 148 (1947). It is therefore clear that any "fine" imposed upon an individual by a sentencing court constitutes a "sentence" within the meaning of the double punishment statute, § 13–116, and is subject to its mandate requiring the imposition of concurrent sentences upon an individual convicted of multiple offenses arising out of one act.

■ We note that although the legislature has used the term "penalty" to describe the felony assessment imposed by § 13–812, it nevertheless constitutes a "fine" for sentencing purposes. The term "penalty" in its broadest sense includes fines as well as other kinds of punishment. *State v. Dickens, supra.* A fine is a pecuniary form of punishment or sum of money exacted from a person guilty of an offense. 36A C.J.S. Fines § 1 (1961). A fine is

always a penalty, but a penalty is not always a fine since a penalty may be incurred by acts or omissions involving no criminality. *Id.* As our supreme court has stated:

> 'Penalty' and 'fine' are not the same in law. A penalty is always recoverable in a civil action. A fine never is. A penalty, when recovered, goes to the party suing; a fine, to the people. *A fine is defined in law to be a pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor.*

*Frazier v. Terrill*, 65 Ariz. 131, 136, 175 P.2d 438, 442 (1946) (emphasis added).

The felony penalty assessment is a mandatory form of punishment exacted from each individual defendant for each felony of which he or she is convicted. The monies collected under this statute are transferred to the victim compensation fund, A.R.S. §§ 13–812(B) and 41–2407.[4] The fund is administered by the Arizona Criminal Justice Commission which allocates the funds to public and private agencies for the purpose of establishing, maintaining, and supporting programs that compensate victims of crime. A.R.S. § 41–2407(B). Although the legislature's primary purpose in enacting § 13–812 was to compensate victims of crime, *State v. Ramos*, 155 Ariz. 468, 471, 747 P.2d 629, 632 (App.1987), we note that a defendant need not be convicted of a felony involving a victim before a felony penalty assessment is imposed.

■ The felony penalty assessment statute and the manner in which it is imposed upon defendants comports with the definition of "fine" as expressed in *Frazier v. Terrill, supra.* First, the felony penalty is a form of pecuniary punishment imposed by sentencing courts upon each person convicted of a felony. Second, the monies recovered under the statute go to the people of the State of Arizona by way of a

---

**4.** A.R.S. § 41–2407 is referred to as § 41–2401.01 in A.R.S. § 13–812(B). This is because § 41–2401.01 was renumbered as § 41–2407 and amended by Laws 1987, ch. 307, §§ 41 and 47. As of this date, A.R.S. § 13–812 has not been amended to reflect this renumbering.

legislatively created fund—the victim compensation fund. Finally, there is no indication that the felony penalty assessment is a civil penalty or restitution. Instead, it is apparent that the felony penalty assessment constitutes a fine rather than a civil penalty. We therefore conclude that the felony penalty assessment imposed upon each defendant convicted of a felony, pursuant to § 13–812, constitutes a sentence as defined in Rule 26.1(b) of the Arizona Rules of Criminal Procedure and is subject to the sentencing limitations imposed by the double punishment statute, § 13–116.

As additional authority for our conclusion, we note that an issue similar to that which appellant presents here was addressed by the Arizona Supreme Court in *Anderjeski, supra.* In *Anderjeski,* the defendants, like appellant here, were charged with violations of both subsections (A) and (B) of § 28–692 arising out of respective single acts of driving. The trial court decision provided in part: "When double convictions occur out of a single incident, jail sentences must be concurrent, *payments on fines will apply to satisfy both,* no more points can be charged against a person's license than ordinarily charged for one, and the convictions can count as one only for purposes of enhancing punishment under A.R.S. Section 28–692.01." 135 Ariz. at 550, 663 P.2d at 234 (emphasis added). The defendants brought special actions from the trial court's decision.

The supreme court accepted jurisdiction in order to clarify the existing law in this area. The supreme court stated that one of the issues presented in *Anderjeski* was whether a defendant convicted of both a violation of A.R.S. § 28–692(A) and (B) for conduct arising from a single incident may be punished separately for the violation of each offense. The supreme court affirmed the underlying trial courts' judgments, including the trial court decision quoted above. Although the supreme court did not directly address that part of the trial court decision involving fines, it did state:

> [I]n Arizona the clear legislative intent is not to cumulate punishment for one act.

A.R.S. § 13–116. Therefore the court may only sentence concurrently, and the Motor Vehicle Department may assess "points" for only one offense.

135 Ariz. at 551, 663 P.2d at 235.

Appellant contends that just as a court may only sentence concurrently and the Motor Vehicle Department may assess points for only one offense under the facts presented in *Anderjeski* and this case, similarly, a court may only impose one felony penalty assessment for two felony convictions arising from one act of driving in violation of A.R.S. §§ 28–692(A) and (B) and –692.02. We agree with appellant and find *Anderjeski* to be directly analogous to and controlling in this case.

The state has candidly admitted in its brief that it believes the law supports appellant's contention that the imposition of two felony penalty assessments under these circumstances constitutes impermissible double punishment. The state, however, does not formally concede error. Instead, the state suggests that in order to raise as much money for the victim compensation fund as possible, the legislature may have intended that a defendant be assessed a felony penalty for "each count even if the counts arose from a single act." We are not persuaded by the state's suggested argument.

The double punishment statute, § 13–116, was formerly A.R.S. § 13–1641 (1958), but was renumbered and amended as our present statute by 1977 Session Laws, ch. 142, § 41. The felony penalty statute, § 13–812, was not enacted until 1985 when it was originally enacted as § 13–808 and renumbered as § 13–812 without any other amendments or changes by 1986 Session Laws, ch. 248, § 6. It is therefore clear that the double punishment statute was an existing law at the time the felony penalty assessment statute was enacted.

Our examination of the felony penalty assessment statute and its sparse legislative history, however, reveals no legislative intent to change the general rule imposed

by § 13–116 and allow the felony penalty statute to avoid the sentencing limitations imposed by § 13–116. Moreover, if anything is to be presumed, it is that the legislature was aware of the existing laws, including § 13–116, and enacted the felony penalty assessment statute with them in mind. *See Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). It is not this court's function to presume that the legislature was unaware of what it accomplished. We do not speculate about what the legislature, had it considered the matter, might have done. It is sufficient to observe that it does not appear that the legislature intended to change the general rule of § 13–116.

In addition, we note that our double punishment statute, § 13–116, establishes a public policy that each individual shall not be given multiple punishment for the violation of an offense arising from one set of facts. We therefore hold that when an individual has been convicted of multiple felonies arising from one act of driving, in violation of A.R.S. §§ 28–692(A) and (B) and –692.02, the individual may only be assessed a single felony penalty for the one offense. This policy as applied to felony convictions of this nature is a refinement to the general rule we stated in *State v. Ramos, supra,* which requires that an individual who stands convicted of multiple felonies at a single sentencing proceeding be assessed a separate $100 felony penalty for each felony conviction.

### FELONY PENALTY STATUTE

■ Appellant next argues that the language of A.R.S. § 13–812 unambiguously requires that an individual be assessed only one felony penalty in a single proceeding regardless of the number of felonies of which he or she has been convicted. Alternatively, appellant relies on the rule of lenity to argue that if the language of § 13–812 is deemed ambiguous, it should be construed in favor of the appellant and interpreted as imposing a felony penalty assessment on a "per person" basis and not on a "per felony conviction" basis. *See State v. Pena,* 140 Ariz. 545, 683 P.2d 744 (App.1983).

The answer to both of appellant's contentions is found in application of the rule announced in *State v. Ramos, supra.* In *Ramos,* the court held that § 13–812 requires each individual convicted of multiple felonies and sentenced for them in a single proceeding to be assessed a felony penalty for each felony conviction. *Id.,* 155 Ariz. at 472, 747 P.2d at 633. In addition, we found it unnecessary to consider the rule of lenity in the absence of statutory ambiguity. In light of the general rule announced in *Ramos,* we disagree with appellant's interpretation of § 13–812.

### CONCLUSION

We hold that A.R.S. § 13–116 requires that only one felony penalty assessment may be imposed upon a defendant convicted of multiple felonies arising from the same act of driving, in violation of A.R.S. §§ 28–692(A) and (B) and –692.02. We conclude that the trial court was mistaken in believing that in the circumstances of this case A.R.S. § 13–812 required a felony penalty assessment to be imposed as to each count. The trial court therefore erred in imposing two $100 felony penalty assessments upon appellant. Accordingly, pursuant to A.R.S. § 13–4037, we modify appellant's sentence and order appellant to pay only one $100 felony penalty assessment.

The judgment and sentence of the trial court, as modified, is affirmed.

FIDEL and GREER, JJ., concur.