795 P.2d 235

**STATE of Arizona, Appellee,**

v.

**Elizabeth WEINBRENNER, Appellant.**

Nos. 1 CA–CR 89–1185,
1 CA–CR 89–1190.

Court of Appeals of Arizona,
Division 1, Department B.

June 26, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Crane McClennen, Asst. Chief Counsel, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CECIL B. PATTERSON, Judge.

This appeal presents the sole issue of whether defendant properly was required

to pay two $8.00 time payment fees pursuant to A.R.S. § 12–116 for crimes committed prior to the June 28, 1989, effective date of the statute. Because there are in excess of fifty cases now pending before Division One which raise the identical issue, we choose to dispose of this case via a published opinion. We find that the trial court properly imposed the fee, and therefore affirm.

The facts for purposes of our review are straight forward. On July 17, 1989, Elizabeth Weinbrenner (defendant) entered into two separate plea agreements in which she agreed to plead guilty to attempted sale of cocaine on December 22, 1988, and attempted sale of methamphetamine on May 19, 1989, both class 3 felonies.

Defendant was sentenced on September 8, 1989. With respect to each charge, the trial court placed defendant on intensive probation for five years, ordered that she spend one year in jail, and ordered that she pay a probation fee and $100.00 to the victim compensation fund, each at the rate of $5.00 per month. In CR–89–04103, the cocaine charge, the court further ordered that defendant pay a fine of $2740.00 at the rate of $70.00 per month and $180.00 restitution at the rate of $10.00 per month. In CR–89–05755, the methamphetamine charge, the court further ordered that defendant pay a $1370 fine at the rate of $35.00 per month. Finally, with respect to each charge, the court required defendant to pay an $8.00 time payment fee, pursuant to A.R.S. § 12–116.

Defendant argues that the trial court erred in imposing the $8.00 time payment fees because her offenses were committed before the June 28, 1989, effective date of the statute. Thus she asks that we modify her sentences by eliminating the $8.00 fees. In response, the state argues that A.R.S. § 12–116(A) is a procedural statute and that, therefore, it does not violate the prohibition against ex post facto laws. We agree with the state.

■ An ex post facto law is one which imposes a punishment for an act not punishable at the time it was committed, or which imposes punishment additional to

that prescribed at the time the offense was committed. *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 22 (1981). The prohibition against ex post facto laws is deeply rooted in constitutional law, as the U.S. Supreme Court has held on many occasions. In *Beazell v. Ohio*, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925), the Court explained the purpose of the prohibition: "[The constitutional prohibition against ex post facto laws] was intended to secure substantial personal rights against arbitrary and oppressive legislation, and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance." *Id.* at 171, 46 S.Ct. at 69, 70 L.Ed. at 218 (citations omitted). We therefore must determine whether A.R.S. § 12–116 is a procedural or substantive statute. The Arizona Supreme Court has provided guidance on this matter: "Procedural, adjective or remedial law is that portion of the law which prescribes *the method of enforcing a right or obtaining redress* for the invasion of that right. Substantive law, on the other hand, is that portion of the law which *creates, defines and regulates rights.*" *State v. Fletcher*, 149 Ariz. 187, 191, 717 P.2d 866, 870 (1986) (emphasis in original).

■ The statute here in question is purely procedural in nature. It does not impose any penalty upon appellant which would make its application here ex post facto. An analysis of A.R.S. § 12–116(A) clearly reflects its purpose. The statute provides an $8.00 fee for any time payment of a "penalty, fine or sanction." Of that $8.00 fee:

1) $3.00 is allocated to the judicial collection enhancement fund for the purpose of maintaining and enhancing the ability of courts to collect fines, restitution payments and other monies;

2) $2.00 is allocated to the county public defender training fund for the purpose of training public defenders;

3) The remaining $3.00 is allocated to the court imposing the penalty or fine, to improve, maintain, and enhance the ability of the court to collect and manage monies assessed or received by it, to improve court automation and

to improve case processing or the administration of justice.

Because the statute merely establishes a *method* of enforcing the public's right to redress (i.e., payment of fines and penalties on a time payment basis), the statute is not an ex post facto law.

Our characterization of A.R.S. § 12–116 as procedural does not, however, infringe on the supreme court's rule-making authority.

> The constitution of Arizona gives the Supreme Court the power to make rules relative to all procedural matters in any court....
>
> ....
>
> That we possess the rule-making power does not imply that we will never recognize a statutory rule. We will recognize "statutory arrangements which are reasonable and workable" and which supplement the rules we have promulgated. However, when a conflict arises, or a statutory rule tends to engulf a general rule of admissibility, we must draw the line. The legislature cannot repeal the Rules of Evidence or the Rules of Civil Procedure made pursuant to the power provided us in article 6, § 5.

*State ex rel. Collins v. Seidel*, 142 Ariz. 587, 590–91, 691 P.2d 678, 681–82 (1984) (citations and footnote omitted).

Rule 26.12(a) of the Arizona Rules of Criminal Procedure authorizes courts to permit payment of criminal fines and restitution assessments over a period of time or in specified installments. In adopting the rule, the Arizona Supreme Court clearly recognized that not everyone assessed a fine or restitution would be able to make the full payment on the day of assessment. Arizona Revised Statutes section 12–116 furthers this reality by insuring that the financial wherewithal is provided for efficient and effective collection, processing and disbursal of the fines and restitution. It is therefore a "reasonable and workable" statutory supplement to Rule 26.12(a).

We find unpersuasive the argument that defendant's offenses were committed before the effective date of this statute. It was not until the date of defendant's sentencing that the trial court ordered that defendant pay restitution and fines. Therefore, it was not until that date that the time payment fees became effective as to her. Because defendant was sentenced on September 8, 1989, after the June 28, 1989, effective date of A.R.S. § 12–116, imposition of the time payment fees was proper.

Furthermore, defendant was entirely free to avoid the time payment fees by paying her fines and restitution amounts in a lump sum. We are somewhat concerned that the record fails to reflect whether the trial court imposed the fees without affording defendant a choice as to whether she could pay her assessments on a time payment basis or whether she could pay in a lump sum. Of course, the court had previously found defendant to be indigent, and presumptively, the manner of payment would be on a time payment basis. In any event, at the plea proceeding, the court informed defendant of the agreed upon fines and restitution amounts. These figures also were specifically set forth in the plea agreement reviewed and executed by defendant. Because A.R.S. § 12–116 was in effect at that time as well, defendant had notice that if she paid on a time payment basis, the statute mandated that the $8.00 fees be assessed.

## CONCLUSION

We hold that the $8.00 time payment fees assessed in CR–89–04103 and CR–89–05755 were properly imposed. The fees are administrative processing fees used as a means of effectively collecting and processing time payments to the court. As such, they actually *benefit* defendants such as Weinbrenner, who cannot afford to pay their penalties up front, by providing a mechanism through which the *privilege* of payment over time can be exercised, at minimal cost to the state.

It is ordered affirming the imposition of the $8.00 time payment fees by the trial court.

JACOBSON, P.J., and LANKFORD, J., concur.

NOTE: The Honorable CECIL B. PATTERSON of the Maricopa County Superior Court, State of Arizona, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3.