799 P.2d 914

**STATE of Arizona, Appellee,**

v.

**Raymond Anthony THOMAS, Appellant.**

**No. 1 CA–CR 89–1625.**

Court of Appeals of Arizona, Division 1, Department E.

Oct. 16, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Chief Counsel, Crim. Div., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James M. Likos, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CLABORNE, Presiding Judge.

Raymond Anthony Thomas (Thomas) appeals from his conviction for attempted possession of a narcotic drug for sale and from the sentence imposed.

Counsel for Thomas has filed a brief complying with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), requesting this court to search the record for fundamental error pursuant to A.R.S. § 13–4035. Thomas was granted additional time to file a supplemental brief raising any additional points. No supplemental brief has been filed.

On June 19, 1989, the Maricopa County Attorney charged Thomas by information with Count I, possession of narcotic drugs for sale, a class 2 felony, in violation of A.R.S. §§ 13–1001 and 13–3408, and Count II, possession of marijuana, a class 6 felony, in violation of A.R.S. § 13–3405. The state amended the information pursuant to Rule 13.5 of the Arizona Rules of Criminal Procedure and *State v. Hannah*, 126 Ariz.

575, 617 P.2d 527 (1980), to allege any conviction arising from Counts I through IV in CR 89–05261 as a prior or repetitive conviction.

On November 6, 1989, Thomas entered into a written plea agreement in which he pled guilty to an amended Count I in the present case, CR 89–05905, and Count IV in CR 89–05261, both attempted possession of narcotic drugs for sale, class 3 felonies, in violation of A.R.S. §§ 13–1001 and 13–3408. In return, the state agreed to dismiss Counts I, III and V in CR 89–05261 and the allegation of repetitive convictions in both causes.[1] The parties stipulated that Thomas would be sentenced to prison and would pay a $2,000 fine on each count plus surcharge to the Arizona Drug Enforcement Fund. The agreement clearly set forth the minimum, presumptive, and maximum sentences which could be imposed—3.75, 5, and 10 years of imprisonment respectively.

At the change of plea hearing, the trial court found that Thomas had entered into the plea knowingly, voluntarily, and intelligently, and that a factual basis had been established. The trial court then accepted the plea.

On December 7, 1989, the trial court pronounced judgment and sentenced Thomas to the presumptive term of five years in prison' on each count with credit for 184 days of presentence incarceration. The sentences are to run concurrently. The court ordered Thomas to pay a felony assessment of $100 on each count and a fine of $2,740 on each count. The court also ordered that Thomas pay an $8 time payment fee pursuant to A.R.S. § 12–116.

Recently, in *State v. Weinbrenner*, 164 Ariz. 592, 795 P.2d 235 (App.1990), we discussed whether A.R.S. § 12–116 had an ex post facto application (since the actual crime occurred before the statute was enacted) which would prohibit the imposition of an $8 time payment fee when a defendant could not pay a total fine or restitution imposed by the court, but could make monthly payments. This court held that the time payment fee was properly im-

posed, and that such a fee was a processing fee to effectively collect a penalty already imposed. *Id.* at 593–94, 795 P.2d at 236–37. The $8.00 charge is simply an administrative fee charged when a defendant who was already sentenced to restitution or fine, or both, decided to make payments rather than paying the entire amount.

The cases cited by the dissent to support its view are simply not analogous. Furthermore, it seems that this argument might be disposed of under the old common law precept *de minimis non curat lex.* See *Guay v. Washington Natural Gas Co.*, 62 Wash.2d 473, 476–77, 383 P.2d 296, 299–300 (1963); *State v. Perkins*, 159 Ariz. 381, 767 P.2d 729 (App.1988), *review denied*, (1989); *State v. Weston*, 155 Ariz. 247, 745 P.2d 994 (App.1987). Accordingly, we hold that the $8 time payment fee assessed in this case was correctly assessed pursuant to A.R.S. § 12–116.

Counsel for Thomas states that he has searched the record on appeal and found no arguable question of law. Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and have found none. The record shows that Thomas was represented by competent counsel at all stages of the proceedings and is represented by counsel on this appeal. The change of plea and sentencing hearings were conducted in full compliance with the Rules of Criminal Procedure and the sentence imposed falls within the range permitted by statute.

Upon the filing of this decision, counsel's obligations pertaining to the representation of Thomas in this appeal will come to an end. Counsel need do no more than inform Thomas of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. See *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984). Thomas shall have thirty days from the date of the filing of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

---

1. The complaint in CR 89–05261 named three defendants. Thomas was charged with Counts I and III–V, but not with Count II, sale of narcotic drugs, a class 2 felony.

Having found no error, the judgment of conviction and the sentences are affirmed.

GRANT, C.J., concurs.

GERBER, Judge, dissenting in part.

While I agree with the majority in upholding the conviction, I would modify the sentence by striking the $8.00 time payment fee.

Thomas committed the crime prior to the effective date of A.R.S. § 12–116 which generates the $8.00 time payment fee. Pursuant to A.R.S. § 1–246, an offender may be punished only under the law in force when the offense was committed. This principle reflects basic constitutional law. Here, A.R.S. § 12–116 was not in force when the offense was committed.

The majority relies on State v. Weinbrenner, 164 Ariz. 592, 795 P.2d 235 (App. 1990), which held that the $8.00 time payment fee is not a penalty but merely a "procedure" for enforcing a penalty. This distinction strikes me as semantic magic. The $8.00 fee, whatever the legal label, is money extracted from a defendant as a penalty for a crime.

We have invalidated other analogous ex post facto dispositions. Our courts have recognized, for example, that a probationary increase is an ex post facto penalty when it increases the probationary penalty for a crime after its commission. State v. Mendivil, 121 Ariz. 600, 592 P.2d 1256 (1979).

Other states that have dealt with this issue in the guise of court costs and attorney fees have found after-the-fact penalties impermissible. Contrary to Weinbrenner, these courts have also found them substantive rather than procedural.

In Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla.1985), the court stated that "a statutory requirement for the non-prevailing party to pay attorney fees constitutes 'a new obligation or duty' and is therefore substantive in nature." Although Young

is not a criminal case, its finding that the penalty is substantive conflicts with Weinbrenner's finding that a similar fee is merely procedural. The court in Schiefer v. State, 774 P.2d 133 (Wyo.1989), a criminal case, held that a defendant should not be responsible for counsel fees imposed by statute after the date of the crime because, as that court wrote, such a penalty was a "substantive" detriment. Id. at 136. Courts also have struck down as ex post facto a $200 court costs fee enacted after the date of the crime. State v. Bowman, 509 So.2d 929 (Fla.1987). Arizona's imposition of the $8.00 fee appears analogous to ordering payment of attorneys fees or court costs.

The assumption that this little fee is not mandatory is unpersuasive. Apart from misdemeanor fines, a fined felon rarely, if ever, has the finances to pay a fine at the time of its imposition. Tacking on an additional payment as a charge on making installment payments remains a penalty. Even a penalty provision which requires a defendant to pay costs before being granted any "gain time accrued" has been held a substantive ex post facto provision even though defendant could receive "gain time" when costs are paid up front. State v. Yost, 507 So.2d 1099 (Fla.1987).

The majority's untranslated Latin quote—meaning that the law does not bother with trifles—recalls for me Felix Frankfurter's comment when asked, as a young government lawyer, whether President Wilson's unprovoked 1914 invasion of Mexico was an act of war: "It's only an act of war," he said, "when it's against a great power, not against a small power."