814 P.2d 1388

**STATE of Arizona, Appellee,**

v.

**Gerald P. BECKERMAN, Appellant.**

**No. 1 CA–CR 90–207.**

Court of Appeals of Arizona,
Division 1, Department E.

July 18, 1991.

**452**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CLABORNE, Judge.

Gerald Paul Beckerman (defendant) appeals from the sentence imposed by the trial court, arguing that the trial court improperly imposed the $8.00 time payment fee pursuant to A.R.S. § 12–116.

The defendant was charged by indictment with two counts of sale of narcotic drugs, class 2 felonies, in violation of A.R.S. § 13–3408. He entered a written agreement to plead guilty to the crimes as charged. In return, the state agreed to dismiss CR–89–00995 as to this defendant; to dismiss the allegation of prior convictions; to dismiss the allegation pursuant to A.R.S. § 13–604.02(A); and not to file charges arising out of Phoenix Police Report 89–046557. The parties stipulated that the defendant would be sentenced to prison for a term to be determined by the court; that the sentences on each count would be concurrent; that the defendant would pay a fine of $2,000.00, plus the statutory surcharge to the Arizona Drug Enforcement Fund; that the defendant would plead guilty in CR–89–08939 to possession of narcotic drugs with a stipulation that the sentence would require prison; and that the sentence imposed would run consecutively to the one in this case. The special conditions regarding sentence included that the defendant must be sentenced to prison and the sentence imposed must be "flat time" with no possibility of early release on any basis. The agreement clearly set forth the range of sentences and fines that could be imposed.

The plea agreement was made and accepted in full compliance with the defendant's constitutional rights and the Arizona Rules of Criminal Procedure. The trial court sentenced the defendant to the presumptive term of seven years on each count with credit for 177 days of pretrial incarceration. The sentences are to run concurrently. The trial court ordered the defendant to pay a fine of $2,740.00, the felony assessment of $200.00, and an $8.00 time payment fee pursuant to A.R.S. § 12–116[1] if the defendant is unable to pay the

---

1. § 12–116. Time payment fee

 A. In addition to any other assessment authorized by law, a fee of eight dollars shall be assessed on each person who pays a court ordered penalty, fine, or sanction on a time payment basis, including parking penalties, restitution and juvenile monetary assessments. A time payment basis shall be any penalty, fine, or sanction not paid in full on the date the court imposed the fine, penalty or sanction. Notwithstanding any other law, the time payment fee shall be collected first. A judge may not waive or suspend a time payment fee.

 B. Three dollars of the time payment fee shall be deposited in the judicial collection enhancement fund established in § 12–113. Two dollars of the time payment fee shall be deposited in the judicial collection enhancement fund and shall be allocated to the county public defender training fund established in § 12–117. Three dollars of the time payment fee shall be kept by the court imposing the fee to be utilized by the court to improve,

total amount of the fine on the date of sentencing.

■ On appeal, the defendant argues that the trial court improperly ordered him to pay an $8.00 time payment fee pursuant to A.R.S. § 12–116. He claims that imposition of such fine is unconstitutional because it violates the prohibition against *ex post facto* laws.[2] This issue is controlled by *State v. Weinbrenner*, 164 Ariz. 592, 593–94, 795 P.2d 235, 236–37 (App.1990), and *State v. Thomas*, 165 Ariz. 573, 574, 799 P.2d 914, 915 (App.1990), which held that § 12–116 is procedural in nature and does not impose any penalty on the defendant which would make its application *ex post facto*. Therefore, imposition of the $8.00 time payment fee by the trial court was not improper.

■ The defendant also raises an equal protection argument. He claims that the $8.00 time payment fee punishes only those with the inability to pay the total fine on the date of sentencing.

■ The equal protection clause of the fourteenth amendment guarantees like treatment to all persons who are similarly situated;[3] it does not, however, deny a state the power to treat different classes of people in different ways as long as the classification is reasonable. *State v. Walton*, 133 Ariz. 282, 288, 650 P.2d 1264, 1270 (App.1982) (citing *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974), *cert. denied*, 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975)). If the legislative classification bears on a fundamental right, it will be strictly scrutinized and upheld only if there is a compelling governmental justification. *Fuenning v. Superior Court*, 139 Ariz. 590, 595, 680 P.2d 121, 126 (1983) (citing L. Tribe, *American Constitutional Law*, § 16–7, at 1002 (1978)). If the legislative classification does not bear on a fundamental right, it will be upheld as long as it is rationally related to a legitimate state interest. *See State v. Thompson*, 138 Ariz. 341, 346, 674 P.2d 895, 900 (1983). The statute at issue in this case, § 12–116, does not bear on a fundamental right.

The $8.00 fees imposed pursuant to § 12–116 are "administrative processing fees used as a means of effectively collecting and processing time payments to the court." *Weinbrenner*, 164 Ariz. at 594, 795 P.2d at 237. Thus, § 12–116 is rationally related to the legitimate state interest of facilitating the collection of fines, penalties and sanctions. It, therefore, does not violate the equal protection clause.

We have reviewed the entire record for fundamental error pursuant to A.R.S. § 13–4035 and have found none.

Affirmed.

GRANT, C.J., and SHELLEY, J., concur.

---

maintain and enhance the ability to collect and manage monies assessed or received by the courts, to improve court automation and to improve case processing or the administration of justice. The court shall submit a plan to the supreme court which must be approved by the supreme court prior to the court expending such monies.

2. Article 1, § 10 of the United States Constitution provides:

No state shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts....

3. The Fourteenth Amendment of the United States Constitution provides:

[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.