825 P.2d 27

**STATE of Arizona, Appellee,**

v.

**Victor Martin BELTRAN, Appellant.**

**No. 1 CA–CR 91–292.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 4, 1992.

Grant Woods, Atty. Gen. by Paul J.
McMurdie, Chief Counsel, Crim. Div., and
Diane M. Ramsey, Asst. Atty. Gen., Phoe-
nix, for appellee.

Dean W. Trebesch, Maricopa County
Public Defender by Alex D. Gonzalez, Dep-
uty Public Defender, Phoenix, for appel-
lant.

## OPINION

VOSS, Presiding Judge.

The sole issue on appeal is whether de-
fendant, Victor Martin Beltran, was proper-
ly ordered to pay a 40% penalty assessment
(surcharge) pursuant to Ariz.Rev.Stat.Ann.
(A.R.S.) § 41–2403 as amended, or whether
the trial court should have ordered him to
pay a 37% surcharge as required by section
41–2403 when he committed the offense.
We find that the trial court improperly
required defendant to pay the surcharge
required by the amended statute and re-
mand with instructions.

Section 41–2403 provides that in addition
to any other penalty assessment provided
by law, there shall be levied a surcharge on
every fine. At the time defendant commit-
ted the offense, November 12, 1989, the
surcharge was 37%. However, effective
October 1, 1990, the legislature increased
the surcharge to 40%. Defendant entered

into a plea agreement and the trial court
sentenced him on February 20, 1991. As
part of sentencing, the court ordered defen-
dant to pay a $2,000.00 fine and a $800.00
surcharge, which represents 40% of the
fine imposed. Presumably, the court or-
dered a 40% surcharge, rather than a 37%
surcharge, because section 41–2403 became
effective prior to sentencing.

Defendant argues that the court's order
to pay a 40% surcharge violated the prohi-
bition against ex post facto laws. The
state concedes that imposition of a 40%
surcharge may have been a violation of the
prohibition against ex post facto laws if
this court determines that the statute re-
quiring the surcharge is substantive, rath-
er than procedural, in nature.

To determine whether the increased sur-
charge imposed on defendant was an ex
post facto law, we must determine whether
the statute increasing the additional penal-
ty is procedural or substantive in nature.
We find that the law is substantive and
accordingly, application of the amended
statute was a violation of the prohibition
against ex post facto laws.

In order for a law to be ex post
facto, it must either make criminal that
which was innocent when committed, in-
crease the punishment or aggravate any
crime previously committed, alter the rules
of evidence by receiving less or different
proof than required at the time of the
commission or deprive the accused of a
substantial right or immunity possessed at
the time of commission. *State v. Van Ars-
dale,* 133 Ariz. 579, 653 P.2d 36 (App.1982).
Any additional or increased penalty provid-
ed for a crime after its commission is ex
post facto within the constitutional prohibi-
tion. *State v. Mendivil,* 121 Ariz. 600, 592
P.2d 1256 (1979).

In *State v. Weinbrenner,* 164 Ariz. 592,
795 P.2d 235 (App.1990) this court noted
that the prohibition against ex post facto
laws is deeply rooted in constitutional law.
Citing *Beazell v. Ohio,* 269 U.S. 167, 46
S.Ct. 68, 70 L.Ed. 216 (1925) we explained
that the prohibition against ex post facto
laws "was intended to secure substantial

**407**

**408**

personal rights against arbitrary and oppressive legislation, and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance." *Weinbrenner*, 164 Ariz. at 593, 795 P.2d at 236.

■ Thus, if the law in question merely changes procedural rights, it is not ex post facto. *Id.* Statutory changes are procedural if they have neither made criminal a previously innocent act nor aggravated a crime previously committed nor provided greater punishment nor changed proof necessary to convict. An ameliorative change, even if substantive, is one which fails to make a statute more onerous than the prior law. *Knapp v. Cardwell*, 667 F.2d 1253 (9th Cir.1982), *cert. denied*, 459 U.S. 1055, 103 S.Ct. 473, 74 L.Ed.2d 621 (1982).

■ The legislature has also clearly directed that defendant not be sentenced under laws amended after he committed the offense. A.R.S. § 1–246 provides: "When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed." *See also State v. Scrivner*, 125 Ariz. 508, 611 P.2d 95 (App.1979).

■ Like a fine, which has been established as a criminal penalty, *State v. Sheaves*, 155 Ariz. 538, 747 P.2d 1237 (App. 1987), the surcharge on a fine is a criminal penalty. An analysis of section 41–2403 reveals that the surcharge is intended as a criminal penalty:

In addition to any other *penalty* assessment provided by law, there shall be levied a *penalty assessment* in an amount of forty per cent on every fine, penalty and forfeiture imposed and collected by the courts for criminal offenses....

(Emphasis added.)

■ Here the change in the law is not ameliorative but substantive because the change increased the punishment for the offense committed. The change in the law has made the penalty defendant is required to pay more onerous. At the time defendant committed the offense, the statute required a 37% surcharge; at sentencing, the change in the law had become effective and the surcharge was 40%. Because the statute is substantive and it imposes additional punishment from that prescribed at the time the offense was committed, the trial court's order violated the prohibition against ex post facto laws and A.R.S. § 1–246. We therefore remand with instructions to the trial court to reduce the surcharge defendant is required to pay from 40% to 37%.

We have reviewed the record for fundamental error and found none. The judgment of conviction is affirmed. The sentence is affirmed as modified.

CLABORNE and EUBANK, JJ., concur.