854 P.2d 1183

**STATE of Arizona, Appellee,**

v.

**Gary W. SNEAD, Appellant.**

**No. 1 CA–CR 92–0146.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 4, 1993.

Review Denied July 7, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Div., and Linda L. Knowles, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

LANKFORD, Judge.

Appellant Gary W. Snead ("defendant") was charged by information with one count of aggravated assault. The State filed an allegation of dangerousness under Ariz. Rev.Stat.Ann. ("A.R.S.") section 13–604. Following a jury trial, defendant was convicted of aggravated assault, a class 3 dangerous felony.

The trial court sentenced defendant to a mitigated five year term, with 41 days presentence incarceration credit. The court further ordered defendant to pay a $100 felony penalty assessment and an $8 time-payment fee. The court neglected to provide the schedule for the assessment payment at sentencing. It then provided the schedule by minute entry.

■ Defendant first alleges his sentence constitutes double punishment in violation of A.R.S. section 13–116.[1] Because he used a gun, defendant was charged with aggravated assault, a more serious crime than simple assault. *See* A.R.S. § 13–1204(B) (aggravated assault, a class 3 felony), A.R.S. § 13–1203(B) (simple assault, a misdemeanor). Because he used a gun, his sentence was then enhanced. *See* A.R.S. § 13–604(G). Defendant claims that the use of a deadly weapon may not be considered both as an element of the crime

charged and to enhance the sentencing range under A.R.S. section 13–604.

Our supreme court has recently spoken on this issue. In *State v. Lara*, 171 Ariz. 282, 830 P.2d 803 (1992), the court confirmed the holding of *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980), that the use of a weapon may be used to increase the charge[2], to enhance the sentence under A.R.S. section 13–604(G), and to aggravate the sentence under A.R.S. section 13–702(D)(2) without violating double jeopardy or double punishment, and that the legislature intended that result. *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989) is limited to DUI cases. *Lara*, 171 Ariz. at 283, 830 P.2d at 804. Defendant is not entitled to relief on this ground.

■ Defendant also argues that the trial court erred in failing to advise him of the payment schedule for his monetary assessments in open court, and consequently that the case must be remanded for resentencing. The assessment itself was announced in open court; defendant challenges only the failure to announce the payment schedule.

While the felony penalty assessment is itself part of the sentence and must be made at sentencing with the defendant present, *State v. Powers*, 154 Ariz. 291, 295, 742 P.2d 792, 796 (1987), *State v. Sheaves*, 155 Ariz. 538, 542, 747 P.2d 1237, 1241 (App.1987), Ariz.R.Crim.P. 26.9, there is no requirement that the manner of payment be made with the defendant present, nor need there be.

An assessment is valid even when no provision is made for installment payments.

> If a defendant is sentenced to pay a fine alone or in addition to any other sentence, the court *may* grant permission for payment to be made within a specified period of time or in specified installments. If no such permission is embod-

---

1. A.R.S. § 13–116 reads, "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prose-

cution for the same act or omission under any other, to the extent the constitution of the United States or of this state require."

2. In *Bly* the charge was increased from robbery to armed robbery.

ied in the sentence the fine shall be payable immediately.

A.R.S. § 13–808(A) (1989) (amended 1992) (emphasis added). The statute clearly places the method of payment within the court's discretion. Id. Like the eight dollar fee for paying fines by installment, allowing installments imposes no penalty on the defendant. *See State v. Weinbrenner,* 164 Ariz. 592, 593, 795 P.2d 235, 236 (App.1990); A.R.S. § 12–116(A). It "merely establishes the method of enforcing the public's right to redress (i.e. payment of fines and penalties on a time payment basis)." *Weinbrenner,* 164 Ariz. at 594, 795 P.2d at 237. The payment schedule is therefore not part of the sentence and may be made by minute entry. Moreover, when the schedule grants the defendant the right to make the payment by installment, it does not deprive him of any right previously granted. The sentence is affirmed, with payment to be made in the manner reflected in the court's January 13, 1992 minute entry.

We have reviewed the record for fundamental error pursuant to A.R.S. section 13–4035 and have found none. The sentence and conviction are affirmed.

KLEINSCHMIDT, and MICHAEL J. O'MELIA, JJ., concur.

NOTE: The Honorable MICHAEL J. O'MELIA, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.