219 P.3d 254

**Eric ROGERS, Petitioner/Appellant,**

**v.**

**Honorable Francisca COTA, Respondent Judge/Appellee**

**and**

**Phoenix City Prosecutors Office, Real Party In Interest/Appellee.**

**No. 1 CA–CV 08–0848.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 27, 2009.

---

Ballecer & Segal by Natalee E. Segal, Law Offices of Neal W. Bassett by Neal W. Bassett, Phoenix, Attorneys for Petitioner/Appellant.

Aaron Carreon–Ainsa, Phoenix City Prosecutor By Gary L. Shupe, Assistant City Prosecutor, Phoenix, Attorney for Real Party in Interest/Appellee.

## OPINION

DOWNIE, Judge.

¶ 1 Eric Rogers appeals the superior court's denial of special action relief in his extreme DUI case originating in the Phoenix Municipal Court. We affirm and hold that mandatory assessments, incarceration costs, and surcharges are excluded when determining the municipal court's jurisdiction. We further hold that the municipal court judge, not a jury, determines whether a DUI defendant's blood alcohol concentration ("BAC") exceeds .20, thus subjecting him or her to enhanced minimum penalties.

## BACKGROUND

¶ 2 In January 2008, Rogers was charged in the Phoenix Municipal Court with, *inter alia*, extreme DUI in violation of Arizona Revised Statutes ("A.R.S.") section 28–1382(A) (Supp. 2008), a class one misdemeanor. See A.R.S. § 28–1382(H). A blood test revealed that Rogers's BAC was .378 within two hours of driving. The State filed a "Notice of Sentence Enhancement for an Alcohol Concentration of .20 or Higher," as well as an allegation of a prior DUI conviction from 2007. *See* A.R.S. § 28–1382(D)(1)–(2), (E)(1)-(3), (6)-(7) (a person convicted of extreme DUI with a BAC of .20 or more is subject to an increased mandatory minimum fine and jail sentence; such a conviction within eighty-four months of another DUI conviction results in a further increase in the mandatory minimum fine and sentence).

¶ 3 Rogers filed a motion to dismiss, arguing the municipal court lacked jurisdiction because the minimum financial sanction he faced if convicted exceeded $2500. He also asserted that a jury, not the trial judge, must find that his BAC was .20 or higher. The municipal court denied Rogers's motions, and Rogers thereafter sought special action relief in the Maricopa County Superior Court. The superior court accepted jurisdiction but denied relief. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1), –2101(B) (2003). *See also* Ariz. R.P. Spec. Act. 8(a).

### 1. Jurisdictional Limits

¶ 4 In an appeal from a special action brought in the superior court, where that court accepted jurisdiction and addressed the merits of the claim, we also review the substantive merits. *State v. Johnson,* 184 Ariz. 521, 523, 911 P.2d 527, 529 (App.1994).

¶ 5 Under the Arizona Constitution, the legislature has the power to create and determine the jurisdiction of courts "inferior to the superior court." Ariz. Const. art. 6, §§ 1, 32. These so-called "inferior" courts, which include municipal courts, have jurisdiction over misdemeanors and criminal offenses punishable by a fine not exceeding $2500. A.R.S. §§ 22–301 (Supp.2008) (establishing jurisdiction of justice of the peace courts), –402(B) (2002) (municipal courts have "jurisdiction concurrently with justices of the peace of precincts in which the city or town is located, of violations of laws of the state committed within the limits of the city or town."); *see also* A.R.S. § 13–802(A) (2001) ("A sentence to pay a fine for a class 1 misdemeanor shall be a sentence to pay an amount, fixed by the court, not more than two thousand five hundred dollars.").

¶ 6 A person convicted of extreme DUI with a BAC of .20 or higher within eighty-four months of another DUI conviction faces a mandatory minimum fine of $1000. A.R.S. § 28–1382(E)(2). In addition to an eighty-four percent surcharge on the fine, the legislature currently mandates three "additional assessment[s]," totaling $2750. A.R.S. § 28–1382(E)(3), (6)-(7). Rogers contends the to-

tal of the mandatory fine plus the surcharge and assessments exceeds the jurisdictional limits established in A.R.S. §§ 22–301 and –402 and, therefore, the municipal court lacks jurisdiction. We disagree.

¶ 7 We review issues of statutory interpretation *de novo. State v. Peek,* 219 Ariz. 182, 183, ¶ 6, 195 P.3d 641, 642 (2008). When interpreting a statute, our goal is to give effect to the legislature's intent. *Id.* at 184, ¶ 11, 195 P.3d at 643. We look first to the language of the statute because it is the best indication of legislative intent. *Id.* If "the language is clear and unequivocal, it is determinative of the statute's construction." *State v. Hansen,* 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007)). We "must read the statute as a whole, and give meaningful operation to all of its provisions." *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

¶ 8 The legislature has spoken on this issue. In defining inferior courts' jurisdiction, A.R.S. § 22–301(A)(1) provides:

> Any penalty or other added assessments levied shall not be considered as part of the fine for purposes of determining jurisdiction. The amount of restitution, time payment fees or incarceration costs shall not be considered as part of the fine for purposes of determining jurisdiction.

Additionally, "[t]he amount of restitution, assessments, incarceration costs and surcharges is not limited by the maximum fine that may be imposed under ... [§ ] 13–802." A.R.S. § 13–808(C) (2001). The language of these statutes makes clear that surcharges and assessments are not added to the fine amount for purposes of determining an inferior court's jurisdiction. *See State v. Wise,* 164 Ariz. 574, 577–78, 795 P.2d 217, 220–21 (App.1990) (holding legislature did not intend fine of $150,000 to be the absolute maximum a person convicted of a felony could be compelled to pay under A.R.S. § 13–801(A)).

¶ 9 Rogers cites two Arizona cases in support of his position. In *State v. Beltran,* this Court considered whether the trial court properly ordered a criminal defendant to pay

a surcharge amount that was statutorily increased after the date of his offense, but prior to sentencing. 170 Ariz. 406, 407, 825 P.2d 27, 28 (App.1992). We noted that fines and surcharges are both intended to be criminal penalties, thus concluding that the change in law increasing the assessment was substantive. *Id.* at 408, 825 P.2d at 29 (citing *State v. Sheaves,* 155 Ariz. 538, 747 P.2d 1237 (App.1987)). As a result, the trial court's order violated the constitutional prohibition against *ex post facto* laws. *Id. Beltran* did not address the jurisdictional question presented here.

¶ 10 Rogers's reliance on *Sheaves* is similarly unavailing. In that case, we addressed whether imposing two felony penalty assessments against a person convicted of two felonies arising from a single act of driving was impermissible double punishment in violation of A.R.S. § 13–116 (2001).[1] 155 Ariz. at 541, 747 P.2d at 1240. Reasoning that a "fine" is a "sentence" within the meaning of A.R.S. § 13–116, we held that when a person has been convicted of multiple felonies arising from one act of driving, the court may impose only one assessment. *Id.* at 541–43, 747 P.2d at 1240–42. *Sheaves,* however, did not address the effect such assessments have on an inferior court's jurisdiction.

¶ 11 Because it is the legislature's prerogative to set the jurisdictional limits of inferior courts, and the legislature has unambiguously decreed that the assessments in A.R.S. § 28–1382 do not count toward the $2500 maximum fine imposable for class one misdemeanors, the municipal court has jurisdiction over Rogers's case. *See Wise,* 164 Ariz. at 578, 795 P.2d at 221 ("Certainly the legislature knew when it enacted the surcharge statute [requiring a thirty-seven percent penalty assessment on every fine imposed] that any number of statutes in effect provided a ceiling on the amount of a fine that could be

imposed."). Rogers's motion to dismiss was properly denied.[2]

### 2. BAC Determination

¶ 12 Rogers also argues the municipal court erred in ruling that it, not the jury, would determine whether his BAC exceeded .20. Rogers relies on the following language from *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

¶ 13 A BAC of .20 or more does not increase the available penalty "beyond the statutory maximum." *See Wise,* 164 Ariz. at 577–78, 795 P.2d at 220–21. Nor is it an element of the underlying offense. Based solely on a BAC of .20 or more, a person convicted of extreme DUI as a class one misdemeanor under A.R.S. § 28–1382 cannot be sentenced to a jail term exceeding six months; nor can he be required to pay more than a $2500 fine. A.R.S. §§ 13–707(A)(1) (2001), –802(A), 28–1382(H). The elevated BAC merely mandates an increase in the *minimum* jail term and fine. A.R.S. § 28–1382(D)(1)–(2), (E)(1)-(2). Accordingly, the municipal court and the superior court correctly determined that a jury need not find Rogers's BAC was .20 or higher. *See State v. Cox,* 201 Ariz. 464, 469, ¶ 18, 37 P.3d 437, 442 (App.2002) ("Because proof of a § 13–604.02(B) allegation increases the statutory minimum penalty but not the statutory maximum, *Apprendi* does not require that the allegation be decided by a jury beyond a reasonable doubt....").

### CONCLUSION

¶ 14 For the foregoing reasons, we affirm the judgment of the superior court.

---

1. An act or omission may be punishable in different ways by different statutes, but the sentences must be concurrent. A.R.S. § 13–116.

2. Rogers also claims A.R.S. § 13–808(C) "affects a variety of constitutional rights." According to the State, Rogers failed to make these arguments below. We do not have the entire record from the municipal court, and Rogers has not addressed this issue in his reply brief. The portions of the record that we *do* have include no constitutional claims. "As a general rule, a party cannot argue on appeal legal issues and arguments that have not been specifically presented to the trial court." *Sobol v. Marsh,* 212 Ariz. 301, 303, ¶ 7, 130 P.3d 1000, 1002 (App.2006). *See also Cullum v. Cullum,* 215 Ariz. 352, 355 n. 5, ¶ 14, 160 P.3d 231, 234 n.5 (App.2007); ARCAP 13(a)(6).

CONCURRING: ANN A. SCOTT TIMMER, Chief Judge, and SHELDON H. WEISBERG, Acting Presiding Judge.