819 P.2d 967

STATE of Arizona, Appellee,

v.

Richard Harry ANDERSON, Appellant.

No. 1 CA–CR 90–376.

Court of Appeals of Arizona, Division 1, Department D.

April 2, 1991.

Review Granted Dec. 3, 1991.

---

* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Court of Appeals, Division Two, pursuant to

Arizona Supreme Court Order filed July 25, 1990.

**382**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

VOSS, Judge.

Defendant Richard Harry Anderson pled guilty to and was convicted of conspiracy to transport marijuana for sale, a class 2 felony. At the sentencing hearing, the trial court sentenced him to seven years imprisonment and ordered him to pay a $2740.00 fine; but did not order the defendant to pay the mandatory felony assessment pursuant to A.R.S. § 13–812 or the time payment fee pursuant to A.R.S. § 12–116. The court later ordered the defendant to make those payments in a minute entry filed after the sentencing hearing. Defendant asserts that this court should strike the portion of the written judgment that orders him to make payments that were not imposed at the sentencing hearing.

Defendant has the right to be present at the oral pronouncement of sentence. Rule 26.9, Arizona Rules of Criminal Procedure. Rule 26.10(b) requires that the trial court explain the terms of the sentence to the defendant during the pronouncement of sentence. Rule 26.16(a) provides that a sentence is "complete and valid as of the time of [its] oral pronouncement in open court." Rule 26.16(b) directs the clerk of the court to enter the "exact terms of the ... sentence in the court's minutes." As the sentence is complete when pronounced, where there is a discrepancy between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *State v. Johnson*, 108 Ariz. 116, 493 P.2d 498 (1972).

The felony assessment is part of the sentence and must be explained to the defendant during the oral pronouncement of sentence. *State v. Powers*, 154 Ariz. 291, 742 P.2d 792 (1987). As the felony assessment was not imposed at the oral pronouncement of sentence, the subsequent written order containing the assessment is invalid and must be stricken. We recognize that the court has the authority pursuant to Rule 24.3, to correct an illegal sentence before the defendant files his appeal. However, the correct sentence must be legally, in this case orally, imposed. Although a felony assessment is mandatory, we do not have subject matter jurisdiction to consider the issue further absent a cross-appeal by the state, as the error is in defendant's favor. *State v. Dawson*, 164 Ariz. 278, 792 P.2d 741 (1990).

Defendant likewise contends that the court erred by failing to impose the eight dollar time payment fee at the oral pronouncement of sentence. Rules 26.9 and 26.10 do not require the court to orally impose the time payment fee as it is an administrative fee rather than part of the sentence itself. *State v. Thomas*, 165 Ariz. 573, 799 P.2d 914 (App.1990); *State v. Weinbrenner*, 164 Ariz. 592, 795 P.2d 235 (App.1990). The need for the assessment of the time payment fee arises only *after* sentencing when the court-ordered penalty, fine or sanction is not paid in full on the day that it is imposed. Thus, although the better practice is to tell the defendant about the time payment fee at the oral pronouncement of sentence, the trial court's imposition of the time payment fee in its sentencing minute entry was not error and the fee was properly imposed.

The trial court's order purporting to amend defendant's sentence to reflect the $100 felony assessment is vacated. We have searched the record for fundamental error, and, finding none, the sentence and conviction are affirmed as modified.

McGREGOR and EUBANK, JJ., concur.