827 P.2d 1129

**STATE of Arizona, Appellee,**

v.

**Richard Harry ANDERSON, Appellant.**

No. CR–91–0219–PR.

Supreme Court of Arizona, En Banc.

April 2, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy County Public Defender, Phoenix, for appellant.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

Richard Harry Anderson (defendant) pled guilty to conspiracy to transport marijuana for sale. At sentencing, the trial court sentenced him to seven years imprisonment and ordered him to pay a $2,740.00 fine. Although both the applicable statutes and the plea agreement required imposition of a $100.00 felony assessment fee and an $8.00 time payment fee, the trial court did not impose those fees at the time of the sentencing hearing. However, following the sentencing hearing, the trial court, by minute entry, ordered defendant to pay the felony assessment and time payment fees.

On appeal, defendant challenged the fees on the basis that they were not imposed on him at the time of the sentencing hearing. The court of appeals upheld the imposition of the $8.00 time payment fee, holding that

it could be added to the sentence by later minute order. The court concluded, however, that the felony assessment fee could not be so added.

The court of appeals recognized the authority of the trial court to correct an illegal sentence prior to an appeal, and further recognized that imposition of the felony assessment fee was mandatory. The court, however, refused to remand for imposition of the felony assessment fee, holding that, absent a cross-appeal by the state, it lacked subject matter jurisdiction to remand.

Because the issue presented is one of wide applicability in criminal appellate litigation, we granted the state's petition for review limited to the jurisdictional issue. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## ISSUE

In the absence of a cross-appeal by the state, does the court of appeals have subject matter jurisdiction to remand for resentencing if it finds that a sentence was improperly imposed?

## DISCUSSION

In the court of appeals, defendant's challenge to the felony assessment was that it should have been imposed at the sentencing hearing and not by a later minute order. The state argued that, because the assessment is mandatory, the trial court's failure to impose it would have resulted in an illegal sentence. The court agreed with the defendant that the trial court had imposed the fee in an improper manner. Defendant, relying on *State v. Dawson*, 164 Ariz. 278, 792 P.2d 741 (1990), then argued that the court of appeals had no jurisdiction to remand for resentencing because the state had not cross-appealed. The court of appeals concluded, "we do not have subject matter jurisdiction to consider the issue further absent a cross-appeal by the state, as the error is in the defendant's favor." *State v. Anderson*, 169 Ariz. 381, 382, 819 P.2d 967, 968 (App.1991) (citing *Dawson*, 164 Ariz. 278, 792 P.2d 741). We believe

the court erred in interpreting and applying *Dawson* to the present case.

In *Dawson*, the trial court failed to follow mandatory sentencing provisions, resulting in the imposition of an illegally lenient sentence. The trial court in *Dawson*, unlike the trial court here, did not attempt to amend its erroneous sentence prior to appeal. Dawson appealed his conviction on other grounds, and the state did not cross-appeal from the illegally lenient sentence. Instead, the state raised the issue in its answering brief. The court of appeals refused to address the sentencing error, holding that the state had waived the issue by failing to cross-appeal. On review, the state asked this court to hold that appellate courts have a duty to correct an illegally lenient sentence even in the absence of an appeal or cross-appeal by the state. We refused to do so, reasoning that, in the absence of an appeal by the state, an appellate court has no subject matter jurisdiction to consider the issue of an illegally lenient sentence.

This case is distinguishable from *Dawson*. In *Dawson*, the state sought to increase the sentence on appeal without having cross-appealed. Here, the defendant has successfully challenged a sentence which was in fact imposed by the trial court. The state is not required to file a conditional cross-appeal to protect its rights in the event a defendant's challenge to the trial court's sentence is successful. It is a well established rule of civil law that "if [an] appellee ... seeks only to support or defend and uphold the judgment of the lower court from which the opposing party appeals, a cross-appeal is not necessary." *Maricopa County v. Corporation Comm'n of Arizona*, 79 Ariz. 307, 310, 289 P.2d 183, 185 (1955). We apply this principle here.

While *Dawson* is inapposite, we believe *State v. Powers*, 154 Ariz. 291, 742 P.2d 792 (1987), is more directly on point. In *Powers*, the trial court failed to impose the mandatory felony assessment fee during the sentencing hearing. Instead, the trial court imposed the fee by later minute entry. Defendant argued on appeal that, by

increasing the sentence after the formal sentencing proceedings, the trial court violated his right against double jeopardy. We held that "even if sentencing decisions do implicate double jeopardy concerns, a trial court constitutionally may increase a sentence that it has imposed in contravention of its statutory authority." *Id.* at 295, 742 P.2d at 796. We indicated, however, that the proper method of correcting an illegal sentence is not by minute entry, but in open court with the defendant present. The improperly imposed sentence in *Powers* was vacated, and the case was remanded for resentencing, without discussion of the necessity of a cross-appeal by the state or of the court's jurisdiction to remand. *Id.*

In the present case, the trial court attempted to correct the sentence to conform to the law and to the plea agreement, but did so improperly. When the improperly imposed portion of the sentence was successfully challenged on defendant's appeal, the court of appeals, under *Powers*, clearly had jurisdiction to remand to the trial court for a partial resentencing.

### DISPOSITION

Justice Corcoran's special concurrence argues that the trial court committed no error in imposing the felony assessment by minute order outside the presence of the defendant. Because the state has not challenged the merits of the court of appeals' ruling in this regard, we have considered only the jurisdictional issue presented.

We vacate that portion of the court of appeals' opinion dealing with the felony assessment fee and remand to the trial court for resentencing on that point if the state elects to so proceed.

FELDMAN, C.J., and JAMES DUKE CAMERON and FRANK X. GORDON, Jr., JJ. (Retired), concur.

CORCORAN, Justice, specially concurring:

I concur with the court's resolution of the jurisdictional issue in this case. I would not, however, remand this case for resentencing.

This case does not present the issue of a trial court's imposition of an unknown, additional penalty upon a defendant after his oral sentencing. Here, the defendant, in his written plea agreement, agreed to pay the $100 felony assessment. In addition, the trial court orally notified the defendant at his change of plea hearing that he was required to pay the $100 assessment under the terms of the plea agreement. Furthermore, the court told the defendant that it was "required by law [A.R.S. § 13–812] to impose [the] *mandatory* assessment of $100." (Emphasis added.) The defendant affirmatively stated that he understood the $100 felony assessment requirement. Unfortunately, at defendant's sentencing hearing, the overworked trial judge forgot to orally mention the $100 felony assessment. Neither defendant, his lawyer, nor the prosecutor brought this omission to the attention of the trial judge. However, the $100 assessment was imposed in the written Sentence of Imprisonment signed by the judge.

We are now two published opinions and 24 months removed from this non-event— the trial court's failure to *orally* tell the defendant to pay the $100 assessment. After this lengthy period, this court remands this case for resentencing under the authority of *State v. Powers,* 154 Ariz. 291, 742 P.2d 792 (1987), which held that "the proper method of correcting an illegal sentence is not by minute entry. Correction of the sentence should have been in open court with the defendant present." 154 Ariz. at 295, 742 P.2d at 796, *citing* rule 26.9, Arizona Rules of Criminal Procedure. Presumably, this oral sentencing requirement is based on the fact that the $100 felony assessment is a "sentence," *State v. Sheaves,* 155 Ariz. 538, 542, 747 P.2d 1237, 1241 (App.1987), and a defendant must be present at sentencing. Rule 26.9; *State v. Davis,* 105 Ariz. 498, 502, 467 P.2d 743, 747 (1970) (defendant must be present when sentence is pronounced or sentence is invalid). However, I would not require oral resentencing regarding the $100 felony assessment because such resentencing is

wasteful and violates the spirit of the rules of criminal procedure.

Rule 1.2, Arizona Rules of Criminal Procedure, states that the rules of criminal procedure "are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare." I do not believe that the court's decision to remand this case for resentencing furthers the goals listed in rule 1.2.

The resentencing requirement accomplishes the following: defendant must be (1) taken from his cell at the Arizona State Prison; (2) driven to Phoenix in a security vehicle; (3) housed at the Madison Street Jail for two or more days; (4) brought before the sentencing judge at the Maricopa County Courthouse in the presence of defendant's attorney, a deputy county attorney, and a court reporter; (5) told by the sentencing judge that he must pay the $100 felony assessment that he already agreed to pay in the written plea agreement and that he was ordered to pay in the written Sentence of Imprisonment; and (6) transported back to his cell at the Arizona State Prison. These actions will simply burden the state with the unnecessary expense of transporting the defendant, burden an already overworked trial judge and two busy lawyers with an additional hearing, and place the public at risk from the enhanced possibility of defendant's escape while he is being transported around the state. Certainly this resentencing procedure does not simplify procedure, eliminate unnecessary delay and expense, or preserve the public welfare.

Moreover, I do not believe that this procedure protects "the fundamental rights of the [defendant]." *See* rule 1.2. Here, the defendant *agreed* to pay the $100 felony assessment, and the trial court was required by law to mandate the defendant's payment of the assessment. Because the assessment was mandatory and defendant agreed to pay the assessment, the trial

court's imposition of the assessment through the Sentence of Imprisonment was not a violation of defendant's "fundamental" or "substantial" rights. Certainly, if a criminal defendant in a felony proceeding may be arraigned by mail, *see* rule 14.2 (as amended February 18, 1992), defendant's "fundamental" or "substantial" rights are not involved here. Because a mere irregularity which does not affect substantial rights of a defendant is not grounds for setting a sentence aside, *Davis*, 105 Ariz. at 502, 467 P.2d at 747, I would allow the Sentence of Imprisonment to stand as defendant's sentence. If defendant must be orally resentenced as to the $100 felony assessment, I would have it done by telephone conference.

I agree with the New York Court of Appeals' conclusion that the trial court has the "inherent power to correct [an] error made at sentencing ... 'which is, plainly, the result of some inadvertence on [the judge's] part, and which our reason tells us is a mere mistake.'" *People v. Wright*, 56 N.Y.2d 613, 614, 435 N.E.2d 1088, 1089, 450 N.Y.S.2d 473, 474 (1982) (citation omitted). In this case, the trial court "corrected" its failure to orally order defendant to pay the $100 assessment by including the $100 assessment in its Sentence of Imprisonment.

Because the court holds that the trial court must orally resentence defendant, I would have this court amend rule 26.9 to provide that a sentencing judge need not orally impose in open court penalties set forth in the plea agreement which are truly minutia, such as mandatory costs and assessments. Furthermore, I would have this court amend the rules of criminal procedure to provide that a defendant pleading guilty waives his right to appeal and may only seek review of his sentence by filing a rule 32 petition for post-conviction relief with the trial court. Such a rule would have, in this case, allowed the trial court to correct defendant's sentence, orally if necessary, nearly two years ago. A guilty plea is supposed to "mark[ ] the end of a criminal case, not a gateway to further litigation." *People v. Taylor*, 65 N.Y.2d 1,

5, 478 N.E.2d 755, 757, 489 N.Y.S.2d 152, 154 (1985).