833 P.2d 713

**STATE of Arizona, Appellee,**

v.

**Larry Dan BARRS, Appellant.**

**No. 1 CA–CR 91–257.**

Court of Appeals of Arizona, Division 1, Department D.

June 18, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Diana P. Stabler, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Alex D. Gonzalez, Dep-

---

uty Public Defender, Phoenix, for appellant.

## OPINION

TAYLOR, Presiding Judge.

Pursuant to a plea agreement, Larry Dan Barrs ("defendant") pled no contest to attempted burglary, a class 5 felony. Defendant was sentenced to the presumptive term of two years imprisonment and given credit for 258 days of presentence incarceration. He also was ordered to pay a $100.00 felony assessment and $10.00 in restitution. The restitution order, however, was not imposed orally at time of sentence but rather was included in the minute entry of the sentencing proceedings. We find this to be a lawful sentence imposed in an unlawful manner.

■ Restitution is part of a defendant's sentence, *State v. Cummings,* 120 Ariz. 69, 71, 583 P.2d 1389, 1391 (App. 1978), and must be set forth in the oral pronouncement of sentence. *See State v. Powers,* 154 Ariz. 291, 295, 742 P.2d 792, 796 (1987). "[T]he proper method of correcting ... [a] sentence is not by minute entry. Correction of the sentence should ... [be] in open court with the defendant present." *Powers,* 154 Ariz. at 295, 742 P.2d at 796. Our supreme court recently stated that when an improperly imposed sentence is challenged on appeal, the appellate courts have jurisdiction to remand the matter to the trial court for resentencing. *State v. Anderson,* 171 Ariz. 34, 35–36, 827 P.2d 1129, 1130–31 (1992).

In *Anderson,* the supreme court remanded to the trial court for imposition of the $100.00 felony assessment fee "if the state elects to so proceed." 171 Ariz. at 36, 827 P.2d at 1131. We believe a remand for the purpose of imposing a restitution order must be treated in a slightly different manner.

■ We do not believe that the pursuit of restitution is a matter of the State's discretion. This court recently stated:

"A.R.S. § 13–603(C) [1] imposes upon the trial court an affirmative duty to determine the amount of the victim's economic loss and to order restitution in that amount." *State v. Scroggins,* 168 Ariz. 8, 9, 810 P.2d 631, 632 (App.1991). The right to restitution belongs to the victim. We know of no authority that would grant the State or the court the option of not pursuing a restitution order in the absence of a waiver by the victim. While the amount of restitution ordered here may appear to be insignificant, we are mindful the legislature did not choose to draw a de minimus line, but instead imposed a mandate upon the courts to order restitution in the full amount of the victim's economic loss.

Accordingly, we vacate the restitution order and remand the matter to the trial court for resentencing on the matter of restitution. We have searched the record for fundamental error pursuant to Ariz. Rev.Stat.Ann. ("A.R.S.") § 13–4035. Finding none, the judgment of conviction and the remainder of the sentence are affirmed.

GERBER and EHRLICH, JJ., concur.

---

1. The statute provides in part: "If a person is convicted of an offense, the court *shall* require the convicted person to make restitution to the ... victim ... in the full amount of the economic loss...." (Emphasis added.)