NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LOUIS CHARLES JACKSON, *Appellant.*

No. 1 CA-CR 17-0338
FILED 3-22-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-127700-001
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

J O N E S, Judge:

¶1        Louis Jackson appeals the trial court's criminal restitution order, arguing the court lacked jurisdiction to increase the amount of restitution because the request was not made until nearly a year after the court revoked Jackson's probation and sentenced him to 2.5 years' imprisonment.  Alternatively, Jackson argues the victim waived the claim for restitution because the request was untimely.  We hold the court had jurisdiction to order additional restitution and did not abuse its discretion when it did so.  Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        On June 8, 2014, Phoenix police working security at the Phoenix Convention Center responded to reports of an individual, later identified as Jackson, acting violently and yelling.[1]  The officers asked Jackson to leave the area, but he refused and resisted the officers' attempts to remove him.  During the altercation, Jackson bit an officer on his left hand, drawing blood.  The officer also suffered injuries to his wrist, elbow, and shoulder.  Other officers ultimately detained and arrested Jackson.

¶3        Immediately after the incident, the injured officer received medical treatment for the bite wound and was cleared to return to work the same day.  However, complaining of worsening pain in his shoulder, the officer went to a follow-up appointment three days later.  The officer also received four weeks of physical therapy for his shoulder injury, and the total cost of his medical treatment was $4,705.45.  The officer paid $800 and his employer, the City of Phoenix (the City), paid the remaining $3,905.45.

---

[1]        We view the facts in the light most favorable to upholding the restitution order.  *State v. Lewis*, 222 Ariz. 321, 323, ¶ 2 (App. 2009) (citing *In re Andrew A.*, 203 Ariz. 585, 586, ¶ 5 (App. 2002)).

**¶4** In December 2014, a jury convicted Jackson of one count of aggravated assault and one count of resisting arrest. The trial court suspended his sentence and placed him on probation for two years. The State requested $800 in restitution for the injured officer, but did not request restitution for the City's expenses. Jackson stipulated to the State's $800 request. In February, June, and November 2015, the State petitioned to revoke Jackson's probation, alleging probation violations. Each time, the trial court reinstated Jackson on probation and affirmed the $800 restitution order as a term of probation. In April 2016, the State filed a fourth petition, and in May 2016, the court revoked Jackson's probation and sentenced him to 2.5 years' imprisonment. The State did not request any additional restitution, and the court again affirmed the prior $800 order.

**¶5** Three months after sentencing, the State emailed defense counsel requesting Jackson stipulate to additional restitution for the City's expenses. Jackson declined to do so. In December 2016, the State requested a restitution hearing, and Jackson objected, arguing the State's restitution request was untimely. The trial court granted the hearing, which occurred in May 2017.

**¶6** At the hearing, the officer testified regarding his injuries, and the State presented documents showing workers' compensation covered $3,905.45 of the medical costs. Although Jackson did not present evidence or witnesses at the hearing, he again raised his timeliness objection, alleging the State knew about the City's expenses at least a year before requesting the restitution hearing and well before the court revoked Jackson's probation. Jackson also argued that the State failed to show Jackson caused the officer's shoulder injury. The State did not address defense counsel's timeliness argument; nor did it address when it first knew about the medical expenses. The trial court granted the restitution request, relying upon the medical records introduced by the State, but did not explicitly address Jackson's timeliness argument. Jackson timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(3). *See Hoffman v. Chandler ex rel. Cty. of Pima*, 231 Ariz. 362, 363, ¶¶ 7, 16 (2013) (noting a restitution order imposed after a trial is a post-judgment order affecting the defendant's substantial rights).

---

[2] Absent material changes from the relevant date, we cite a statute's current version.

**DISCUSSION**

¶7 On appeal, Jackson argues the State's restitution request was untimely and the trial court lacked jurisdiction to order the additional restitution. We review a trial court's jurisdiction to order restitution *de novo*. *State v. Zaputil*, 220 Ariz. 425, 427, ¶ 7 (App. 2008) (citing *In re Stephanie N.*, 210 Ariz. 317, 318, ¶ 5 (App. 2005)). We review the timeliness of a request for criminal restitution for an abuse of discretion. *See State v. Nuckols*, 229 Ariz. 266, 268, ¶ 6 (App. 2012) (citing *State v. Lewis*, 222 Ariz. 321, 323, ¶ 5 (App. 2009).

## I.    Jurisdiction

¶8 The trial court's jurisdiction over restitution is set by statute. Pursuant to A.R.S. § 13-603(C), a court "shall require the convicted person to make restitution to the . . . victim of the crime . . . in the full amount of the economic loss as determined by the court."

¶9 Jackson argues the trial court lost jurisdiction once it sentenced him. In doing so, he relies upon *State v. Barrs*, in which this Court stated: "Restitution is part of a defendant's sentence, and must be set forth in the oral pronouncement of sentence." 172 Ariz. 42, 43 (App. 1992) (citations omitted). There, we vacated a restitution order that was included in the minute entry of the sentencing proceedings but not imposed orally in open court. *Id.* The issue was not, however, the timing of the order, but rather, that it was not imposed "in open court with the defendant present." *Id.* (quoting *State v. Powers*, 154 Ariz. 291, 295 (1987)).

¶10 Moreover, more recent cases have clarified that although restitution is often ordered as part of the sentencing process, A.R.S. § 13-603(C) "is silent as to when restitution must be assessed." *State v. Holguin*, 177 Ariz. 589, 591 (App. 1993) (citations omitted). Indeed, restitution is designed to make the victim whole, rather than punish the defendant, and is therefore not part of the sentence. *See* Ariz. R. Crim. P. 26.1(c) (defining "sentence" to mean "the court's pronouncement of the penalty imposed on the defendant after a judgment of guilty"); *State v. Grijalva*, 242 Ariz. 72, 73, ¶ 8 (App. 2017) (holding a post-judgment restitution order "did not constitute a modification or correction of a sentence and judgment"); *State v. Cota*, 234 Ariz. 180, 184, ¶¶ 10-12 (App. 2014) (noting the purpose of restitution is to make the victim whole and does not increase punishment); *Zaputil*, 220 Ariz. at 428, ¶ 11 ("[E]ven though it is part of the sentencing process, restitution is not a penalty or a disability.").

¶11        Finally, pursuant to A.R.S. § 13-805(A), a trial court retains jurisdiction "for purposes of ordering, modifying and enforcing the manner in which court-ordered payments are made until paid in full or until the defendant's sentence expires."  This statute has been interpreted broadly to expand, rather than limit, the court's jurisdiction over restitution.  *State v. Pinto*, 179 Ariz. 593, 596 (App. 1994).

¶12        Because A.R.S. § 13-603(C) is silent as to when restitution must be assessed, and A.R.S. § 13-805 grants the trial court jurisdiction "until [court-ordered payments] are paid in full or until the defendant's sentence expires," we hold the court here retained jurisdiction to impose additional restitution because Jackson's sentence had not yet expired.

## II.    Timeliness

¶13        Jackson also argues the trial court erred by imposing restitution because the City waited to file its request until after his sentencing.  As with jurisdiction, A.R.S. § 13-603(C) is silent as to when, if ever, a restitution request is untimely while a defendant is still serving the sentence.  However, we do not need to decide this issue because Jackson failed to prove actual prejudice.

¶14        In *State v. Unkefer*, which Jackson relies upon, this Court emphasized that to establish error in a restitution order entered after a defendant's sentence had expired, "a defendant must do much more than just claim he or she has suffered prejudice; a defendant bears the burden of proving actual prejudice."  225 Ariz. 430, 436, ¶ 24 (App. 2010), *disapproved in part on other grounds by Hoffman*, 231 Ariz. at 365, ¶ 14.  Here, Jackson failed to allege, let alone prove, actual prejudice.  Moreover, the record reflects the State first advised Jackson's counsel it intended to seek restitution for the City only three months after Jackson had been sentenced, and filed a request with the trial court six months after sentencing.  The court granted an evidentiary hearing on the request and provided Jackson notice of the hearing.  Jackson had an opportunity to challenge the sufficiency of the State's evidence and to present his own evidence.  Additionally, he had a separate right of appeal from the criminal restitution order.  *See* A.R.S. § 13-4033(A)(3); *Hoffman*, 231 Ariz. at 363, ¶¶ 7, 16.  Under these facts, Jackson fails to show he was prejudiced by the City's delay in requesting restitution, and we find no error.

## CONCLUSION

¶15         Accordingly, we affirm the trial court's criminal restitution order.