NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER MICHAEL NORRIS, *Appellant.*

No. 1 CA-CR 16-0875
FILED 4-19-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-151869-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, PC, Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Chief Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1 Christopher Michael Norris appeals his convictions and sentences for (1) unlawful imprisonment, a class 6 felony and domestic violence offense; (2) aggravated assault, a class 4 felony and domestic violence offense; (3) threatening or intimidating, a class 1 misdemeanor and domestic violence offense; and (4) disorderly conduct, a class 1 misdemeanor. Norris's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal. Norris was given the opportunity to file a supplemental brief but did not do so.

¶2 Our obligation is to review the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Norris. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶3 Married for about nine months and having a baby together, Norris and his wife, A.T., stopped living with one another while they worked through some "issues." Norris, deciding to drop by the home where A.T. was staying one night, asked her to come outside with the baby. When A.T. brought the baby outside in a car seat, Norris, who was "really mad," accused A.T. of infidelity. With A.T. and the baby in his car, Norris "drove off really fast."

¶4 Stopping the car in front of his cousin's apartment and not accepting her denials, Norris began hitting A.T. all over her body. Norris cursed at A.T., punched and slapped her in the face, bit her hand, face, and ear, threatened her with death, and at one point, wrapped at least one hand around her neck and squeezed until she felt she was going to pass out. Fearing that Norris "would do something worse" and not wanting to leave the baby in the car, A.T. did not fight back but remained in the car for hours.

¶5         When the sun started to rise, Norris ordered her to get out of the car. Still frightened, A.T. started going with Norris up to his cousin's second-floor apartment bringing the baby along. She screamed for help and ran to the neighbor's apartment, "banging" on the door. Undeterred, and in the presence of eyewitnesses, Norris drug A.T. into his cousin's apartment while she attempted to hold on to the hand rails. The cousin, upset with the situation, told Norris that "he couldn't be doing that at her house," and once inside, Norris started acting normal. The neighbor came over soon thereafter and helped A.T. and the baby into her apartment, where they waited until emergency personnel arrived.

¶6         The State charged Norris with kidnapping, aggravated assault, threatening or intimidating, and three counts of disorderly conduct. After the superior court granted the State's request to dismiss one count of disorderly conduct, the case proceeded to a nine-day jury trial. The jury acquitted Norris of kidnapping and one count of disorderly conduct, but found him guilty of unlawful imprisonment (the lesser-included offense of kidnapping) (Count 1), aggravated assault (Count 2), threatening or intimidating (Count 3), and one count of disorderly conduct (Count 4). The jury also found the unlawful imprisonment, aggravated assault, and threatening or intimidating counts were domestic violence offenses, and that these counts involved the infliction or threatened infliction of serious physical injury and caused physical, emotional, or financial harm to the victim.

¶7         In open court, the superior court awarded 394 days of presentence incarceration credit and imposed concurrent sentences of 4.5 years for Count 1, 12 years for Count 2, and time served for Counts 3 and 4. The court also imposed a $20 probation assessment, $50 family offense assessment, and $50 address confidentiality assessment on both Counts 1 and 2. According to the sentencing minute entry, the court imposed the same assessments on Count 3. This timely appeal followed.

¶8         After a thorough review of the record, except for the sentencing errors explained below, we find no reversible error. The superior court incorrectly calculated Norris's presentence incarceration credit. The record reveals that Norris was initially taken into custody on November 10, 2015, and remained in custody until sentencing on December 9, 2016. Because Norris was incarcerated for 395 days prior to sentencing, he must be given credit for one additional day of presentence incarceration credit. We modify Norris's sentence accordingly. *See State v. Stevens*, 173 Ariz. 494, 495-96 (App. 1992) (correcting a miscalculation in presentence

incarceration credit by modifying the sentence without remanding to the trial court).

¶9        The record also reveals that the superior court did not orally pronounce the assessments for Count 3—threatening or intimidating, a class 1 misdemeanor and domestic violence offense—but simply imposed the assessments in the sentencing minute entry.  *See State v. Powers*, 154 Ariz. 291, 295 (1987) (vacating the "felony assessment" imposed by minute entry because "the proper method of correcting an illegal sentence is not by minute entry," but "in open court with the defendant present").  Thus, we vacate the assessments for Count 3:  $20 probation assessment, $50 family offense assessment, and $50 address confidentiality assessment.  *See* Ariz. R. Crim. P. 26.16(a) ("The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court."); *see also State v. Whitney*, 159 Ariz. 476, 487 (1989) ("Oral pronouncement in open court controls over the minute entry.").

¶10        Norris was represented by counsel at all stages of the proceedings against him.  Except for several instances before and during trial, Norris was present at all critical stages.  In those instances, Norris, who was in custody, either waived his presence or refused transportation to court.  The few times Norris was a few minutes late for trial, it was due to in-custody transportation issues. We find no error because the matters discussed before he arrived were procedural or unrelated to defending against the charges. *See State v. Dann*, 205 Ariz. 557, 573, ¶ 61 (2003) ("[B]ecause the conferences involved entirely procedural matters and [the defendant] has not shown that he was entitled to attend or that he could have contributed to his defense had he been present, we do not find that [defendant]'s right to be present was violated."); *State v. Jones*, 197 Ariz. 290, 308, ¶ 51 (2000) ("Although a defendant has the right to be present at trial, his right extends only to those situations in which his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." (internal quotation omitted)).

¶11        Additionally, the evidence presented supports the conviction and the sentence imposed falls within the range permitted by law.  As far as the record reveals, these proceedings were conducted in compliance with Norris's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.   Therefore, we affirm Norris's convictions and sentences, except for modification of the presentence credit noted above. As to Count 3, we vacate the assessments.

**¶12** Defense counsel's obligations pertaining to Norris's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do no more than inform Norris of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *Id.* at 584-85. Norris has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA