NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

VICTORIA LEAH,
*Appellant.*

No. 1 CA-CR 20-0158
FILED 3-16-2021

Appeal from the Superior Court in Maricopa County
No.  CR2017-119400-001
The Honorable Nicole M. Brickner, Judge *Pro Tempore*

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

**¶1**　　　　Victoria Leah appeals the revocation of her probation and the resulting sentence, challenging the superior court's warrant charge and probation assessment. We vacate the warrant charge but affirm the probation assessment.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Leah entered a plea agreement in 2017 in which she pleaded guilty to aggravated assault, a class 3 felony. The superior court suspended Leah's sentence and placed her on five years of intensive probation.

**¶3**　　　　In October 2018, Leah's probation officer petitioned the court to revoke her probation, alleging, among other things, that Leah had absconded and not informed the probation department of her location. The court issued an arrest warrant, and Leah was apprehended. At the probation violation hearing, Leah admitted to violating her probation terms. The court thus reinstated Leah's probation for 5 years and ordered her to serve 30 days in jail.

**¶4**　　　　In July 2019, Leah's probation officer again petitioned to revoke her probation, alleging Leah had absconded again and could not be located. The court issued an arrest warrant, and Leah was apprehended. Leah and her probation officer testified at the probation violation hearing. The court found that Leah violated her terms of probation and thus revoked probation and imposed the presumptive prison term of 3.5 years. The court also imposed various fees on Leah, including a $45.00 warrant charge and $20.00 probation assessment. Leah timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(3), (4).

## DISCUSSION

**¶5**　　　　Leah argues the superior court erroneously imposed the $45.00 warrant charge. We agree because Administrative Order 2004-199 authorizes assessments only for bench warrants, not arrest warrants. *See*

2

*State v. Soria*, 217 Ariz. 101, 102, ¶ 6 (App. 2007) (explaining that the Administrative Order pertains only to fees related to a bench warrant). We therefore vacate the $45.00 warrant charge.

**¶6**        Leah also challenges the superior court's $20.00 probation assessment, arguing the court did not orally pronounce the assessment at sentencing. Leah shows no error, however, because the court imposed the assessment and orally informed Leah of the assessment at her original sentencing hearing. *See* Ariz. R. Crim. P. 26.16(a) ("The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court."); *see also State v. Dustin*, 247 Ariz. 389, 391-392, ¶¶ 8, 10 (App. 2019) (a probation assessment constitutes a sentence). Leah relies on two inapposite cases where the superior court did not impose a monetary assessment at the sentencing hearing, unlike here, but still imposed the assessment in the sentencing order. *See State v. Anderson*, 171 Ariz. 34, 34-35 (1992); *State v. Powers*, 154 Ariz. 291, 295 (1987).

## CONCLUSION

**¶7**        For these reasons, we vacate the $45.00 warrant charge but otherwise affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA